Dun v. Cullen.

13L 202
5pi 554

## R. G. DUN & Co. v. HUGH B. CULLEN, Clerk.

TAX. *Privilege. Commercial agency.* The conducting of a commercial agency is created a privilege, and taxable as such in each county in which an office is kept, by the act of 1883, chapter 106, section 4.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

T. B. EDGINGTON and LUKE E. WRIGHT for Dun & Co.

ATTORNEY-GENERAL LEA and R. D. JORDAN for Clerk.

Dun *v.* Cullen.

COOPER, J., delivered the opinion of the court.

The plaintiffs are the proprietors of a commercial agency, having one office in the city of Nashville, and another in the Taxing District of Shelby county. They have paid for the office at Nashville a State tax of $100 for the privilege of keeping a commercial agency from April 1, 1883, to April 1, 1884. The defendant is the county court clerk of Shelby county, and as such required to collect the State and county privilege taxes. He caused a distress warrant to issue against the plaintiffs for the sum of $100 State tax, and the further sum of $100 county tax for the privilege of keeping a commercial agency in Shelby county. The plaintiffs paid to the defendant as clerk the taxes claimed under protest, and brought this suit to recover back the money. The circuit judge tried the case upon an agreed statement of facts, and being of opinion that the plaintiffs were liable for the county tax, but not for the State tax because they had already paid one tax to the State, rendered judgment accordingly. From the judgment thus rendered, both parties have appealed in error.

On March 29, 1883, the Legislature passed an act, chapter 105 of the printed acts, entitled: "An act to provide more just and equitable laws for the assessment and collection of revenue for State, county and municipal purposes," etc. On the next day, it passed another act, chapter 106 of the printed acts, entitled: "An act to provide revenue for the State of Tennessee and the counties thereof." Both of these acts were approved by the Governor on March 30, 1883,

·and went into effect at once. By the 46th section of the first of these acts, it is provided: "That the oc-·cupations and business transactions that shall be deemed privileges and be taxed, and not pursued or done without license, are the following, viz:" enumerating ·a large number, but not including commercial agencies. By the 4th section of the second of these acts, it is ·provided: "That the rate of taxation on the follow-ing privileges shall be as follows, per annum," among ·others, commercial agencies $100.

The argument on behalf of the plaintiffs is, that ·until the Legislature creates a privilege it cannot be taxed, and that an avocation is not a privilege unless ·prohibited in general by the law, in which case the license to pursue it becomes a privilege: *Mabry* v. *Tarver*, 1 Hum., 94. The contention is that there ·must be positive prohibition· by law of the business of ·conducting a commercial agency, and that there has been no such prohibition in the case of a commercial ·agency. But this is taking the language of the court too literally. A privilege has been repeatedly defined by this court to be the exercise of an occupation or business which requires a license from some constituted ·authority: *French* v. *Baker*, 4 Sneed, 193; *Robertson* ·v. *Heneger*, 5 Sneed, 257; *State* v. *Schleier*, 3 Heis., ·281. A positive prohibition is not essential, the re-·quirement of a license carrying with it a prohibition to act without it. And the act sustained in the case ·of *State* v. *Schleier* only required a license by the pay-·ment of a privilege tax without more. We all agree ·that the language of the act of 1883, chapter 106,

section 4, namely: "That the rate of taxation on the following privileges shall be as follows," naming the avocations or business and the rate of tax, would ordinarily be sufficient to create a privilege, and forbid its exercise without a license, there being a constituted authority designated by law for the issuance of licenses. The real difficulty grows out of the fact that the Legislature has passed two acts, one of them apparently intended, among other things, to designate the taxable privileges, and the others to fix the rate of taxation on privileges. And the doubt is whether the latter act was actually intended to create a privilege.

The point is one of some nicety. The first of these acts, in addition to the title already given, is also entitled an act "to repeal all laws now in force whereby revenue is collected from the assessment of real estate, personal property, privileges and polls." And the other act in its enumeration of taxable avocations has mentioned several not included in the first. If now, all laws in force as to privileges are repealed, the avocations mentioned in the second act, and not in the first, would not be taxable at all except by virtue of the act in which they are contained. They were mentioned unquestionably with the expectation that they were to be taxed, and if the Legislature have used language sufficient to enable us to carry that intent into effect, it would seem to be our duty to effectuate the intent. We think this the better conclusion, and hold the occupation taxable.

His Honor, the trial judge, was in error in holding that the plaintiffs were not liable for the State

tax for the exercise of the agency in Shelby county. Each separate office in different counties is taxable in the same way as if carried on by separate persons or firms.

The judgment below will be reversed as to the State tax, and a judgment entered here in favor of the defendant against the plaintiffs for the costs of the cause.